**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gonzalo GONZALEZ,**
**Defendant-Appellant.**

No. 81–5117.

United States Court of Appeals,
Eleventh Circuit.

March 22, 1982.

Certiorari Denied May 24, 1982.
See 102 S.Ct. 2279.

Mario S. Cano, Miami, Fla., for defendant-appellant.

Caroline Heck, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

Following a jury trial, appellant Gonzalo Gonzalez was convicted of importation of cocaine and possession with intent to distribute that substance. His sole contention on appeal is that the district court erred in failing to dismiss his indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1976), and his sixth amendment right to a speedy trial. Finding that Gonzalez received a timely trial under both the Speedy Trial Act and the sixth amendment, we affirm his convictions.

### I.

Gonzalez was arrested in Miami, Florida, on August 15, 1980, by agents of the Drug Enforcement Administration. He was indicted on September 4, 1980, on the charges now before us. On Thursday, November 13, 1980, exactly seventy days after the indictment was returned, the district court called Gonzalez' case for trial. The court conducted voir dire, and a jury was impaneled, but not sworn. At that point, the district judge informed the parties that he would resume the trial on Monday, November 17, but that because of a judicial conference scheduled for November 18–21, he would not be available to try the case during the remainder of that week and would have to take a recess. The court offered the parties an alternative: the trial could resume on Monday, November 24, and proceed uninterrupted to a conclusion. Gonzalez' counsel expressed a preference for the alternative, and the government agreed. The court therefore recessed Gonzalez' trial until Monday, November 24.

On November 17, Gonzalez' counsel moved to dismiss the indictment for violations of the Speedy Trial Act (the Act) and the sixth amendment. On November 24, before the trial resumed, the court orally denied the motion. The jury was sworn, and the following day Gonzalez was convicted.

### II.

The rights of criminal defendants under the Speedy Trial Act and the sixth amendment are distinct, though obviously related. *United States v. Edwards,* 577

F.2d 883, 887 n.1 (5th Cir.) (en banc), *cert. denied*, 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978). Although the passage of the Act was in part an attempt by Congress to quantify the sixth amendment right to a speedy trial, the legislation does not purport to be coextensive with that amendment. 18 U.S.C. § 3173 (1976); *see, e.g., United States v. Herman*, 576 F.2d 1139, 1144 n.3 (5th Cir. 1978). Thus, our review of compliance with the Act presents a question of statutory interpretation, while our sixth amendment inquiry continues to be guided by the Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Gonzalez' Speedy Trial Act claim is straightforward. He concedes that if his trial commenced on November 13, seventy days after his indictment, the Act was satisfied.[1] He contends, however, that his trial did not "commence," within the terms of the Act, until November 24, when the jury was sworn. The trial thus began eleven days past the Act's time limit, and the indictment should have been dismissed.

Gonzalez' argument that trial commences when the jury is sworn derives from the well-established principle that jeopardy attaches at that point. *See, e.g., United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353–54, 51 L.Ed.2d 642 (1977). The government's argument in rebuttal is simply that common sense dictates that a trial commences at the beginning of the jury voir dire; the defendant is present at that time, Fed.R.Crim.P. 43(a), and all the accouterments of a trial proceeding are present.

■■ Strangely, neither the Speedy Trial Act nor its legislative history defines when a trial "commences." Thus, this court's task is to construe the statute in light of the purposes Congress sought to serve. *See Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 608, 99 S.Ct. 1905, 1911, 60 L.Ed.2d 508 (1979). We hold that, for purposes of the Act, a jury trial "commences" when the court begins the voir dire.[2] In passing the Act, Congress sought to promote not only the defendant's right to a speedy trial, but also the public's interest in the efficient administration of justice. H.Rep.No.93–1508, 93rd Cong., 2nd Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 7401, 7408. We do not think that the Congress envisioned dismissal of an indictment when the court begins the voir dire within the Act's required limit, but does not actually swear the jury within that time.[3] Absent congressional direction, we cannot countenance such a result. Under

---

1. 18 U.S.C. § 3161(c)(1) (1976) provides in part:

 In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense *shall commence within seventy days from the filing date (and making public) of the information or indictment*, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .
 (Emphasis supplied.)

2. The lone federal case dealing with this issue accords with our view. *United States v. Mejias*, 417 F.Supp. 579, 581 (S.D.N.Y.1976) *affirmed* 552 F.2d 435 (2nd Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977) (Under the Act, "[a] trial in a jury case is deemed to commence at the beginning of voir dire"). *Cf. Stuart v. Florida*, 360 So.2d 406, 409 (Fla.1978) (Under Florida speedy trial rules, the seating of jurors at voir dire denotes the commencement of trial). We also note that the "Plan for Prompt Disposition of Criminal

Cases," United States District Court for the Southern District of Florida, promulgated pursuant to the Speedy Trial Act, 18 U.S.C. § 3165(e)(3), specifically states that a jury trial commences at the beginning of voir dire. While neither this plan nor any other promulgated pursuant to the Act can bind our interpretation of the Act, it does add force to our decision.

3. Indeed, under appellant's proposed standard, a defendant's counsel would have an incentive to prolong voir dire in the hope that the Speedy Trial Act clock would run out. Even without intentional delay, voir dire in complex or controversial cases may take many days, thereby subjecting indictments in those cases to dismissal mid-voir dire. Although it might be possible for the court to grant continuances in such cases, 18 U.S.C. § 3161(h)(8), we avoid the problem entirely by holding that a trial under the Act commences with the beginning of voir dire.

the standard we adopt, Gonzalez' trial commenced within the Act's time limits.[4]

We caution that our decision not be viewed as a license to evade the Act's spirit by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is begun. The district courts must adhere to both the letter and the spirit of the Act, and we will not hesitate to find that a trial has not actually "commenced" within the requisite time if we perceive an intent to merely pay the Act lip service.

■ Gonzalez argues that the district court did violate the spirit of the Act by scheduling voir dire on the last day allowed by the Act and then recessing for eleven days, at which time the jury was sworn and testimony begun. The facts persuade us otherwise. After voir dire was completed on Thursday, November 13, the district court offered to begin with opening arguments and testimony the following Monday. The court then informed counsel that other previously scheduled judicial business would prevent it from trying the case the rest of that week. To avoid splitting up what was to be a relatively short trial, the court alternatively proposed that the trial resume on Monday, November 24, when it could proceed uninterrupted to conclusion. Gonzalez' counsel did not object to this proposal; in fact he expressed a preference for the later date, and the government agreed. The trial thus resumed on November 24 and concluded the next day.

On these facts—the district court's willingness to resume at an early date, Gonzalez' counsel's expressed preference for the later date, the relatively brief period between the date the jury was impaneled and the resumption of the trial—we conclude that the district court complied with the Act.[5]

### III.

■ "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial." *United States v. Walters*, 591 F.2d 1195, 1200 (5th Cir.), *cert. denied*, 442 U.S. 945, 99 S.Ct. 2892, 61 L.Ed.2d 317 (1979). Gonzalez was arrested on August 15, 1980. His trial began on November 13, 1980; thus, the period between arrest and commencement of trial was ninety days. Our cases require us to examine this ninety day delay to determine if it was "presumptively prejudicial"; if we find that it was not, we need not inquire further. *United States v. Edwards*, 577 F.2d 883, 888 (5th Cir. 1978) (en banc), *citing Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 191 (1972). Under this standard, we have no hesitancy in concluding that the ninety day interim between arrest and commencement of trial did not violate Gonzalez' sixth amendment speedy trial right. What we have earlier said applies equally here:

> The relatively brief delay of less than one hundred days certainly does not rise to the level of presumptive prejudice ... Moreover [appellant] points to no specific

4. Deciding as we do, we necessarily reject Gonzalez' contention that a trial commences under the Act when the jury is sworn because that is when jeopardy attaches. The cases dealing with the attachment of jeopardy are based upon constitutional considerations wholly different from the premises of the Act, namely "concerns [with] finality of judgments, the minimization of harassing exposure to the harrowing experience of a criminal trial, and the valued right to continue with the chosen jury...." *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978). Appellant has cited no reason, and we perceive none, why these considerations compel us to adopt the same rule for commencement of trial under the Act. Moreover, we believe that our deci-

sion is more in keeping with congressional purpose in passing the Act. See slip opinion page 672, page 443 *supra*.

5. Although the government argues that the agreement by Gonzalez' counsel to the later trial date constituted a waiver of Gonzalez' Speedy Trial Act rights, we do not frame our analysis in terms of waiver. We leave to another day resolution of such issues as whether, when, and in what circumstances, a defendant can be said to have waived his rights under the Act. *See* 18 U.S.C. § 3162(a)(2). *Cf. United States v. Carrasquillo*, 667 F.2d 382, 388–390 (3d Cir. 1981).

prejudice he suffered as a result of the delay. Without such a showing [appellant] has not demonstrated any constitutional violation necessitating reversal . . .

*United States v. Vanella*, 619 F.2d 384, 386 (5th Cir. 1980) (citations omitted).[6]

The convictions of Gonzalez are AFFIRMED.

---

**6.** Even assuming, *arguendo*, for purposes of our sixth amendment analysis, that appellant's trial commenced on the later date he posits, November 24, 1980, we would still conclude that the 101 day delay between arrest and trial was not presumptively prejudicial.