### State v. Cook
*[Cite as 2 AOA 17]*

*Case No. C-890066*
*Hamilton County, (1st)*
*Decided April 4, 1990*

*R.C. 2903.01*
*R.C. 2945.71*
*R.C. 2945.72*

*Arthur M. Ney, Jr., Prosecuting Attorney, and William E. Breyer, Esq., 420 Hamilton County Courthouse, Court & Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Michael L. Walton, Esq., 30 East Central Parkway, 13th Floor, Cincinnati, Ohio 45202, for Defendant-Appellant.*

SHANNON P.J.

In September 1988, defendant-appellant Anthony Cook was arrested and charged along with Clarence Carter and Eric Tolbert in a joint, multi-count indictment with aggravated murder in connection with the shooting death of Michael Hadnot. The charge carried a firearm specification. The defendant was tried separately to a jury, which found him guilty of aggravated murder, but not guilty on the firearm specification. From the judgment of conviction entered below, the defendant has taken the instant appeal in which he advances two assignments of error.

On August 13, 1988, at approximately 3:00 a.m., Michael Hadnot was shot four times, twice at close range, with a hand-gun. Hadnot's assailant, identified by eyewitnesses to the shooting

as Clarence Carter, approached Hadnot on the street as Hadnot and a female companion were walking to a neighborhood party. Carter fired once, striking Hadnot, and Hadnot pushed his companion aside and attempted to flee. The second shot knocked Hadnot to the ground, and the third and fourth shots were administered to the head at close range. Carter announced to the assembled crowd that they had just witnessed "a hit" and then crossed the street to a waiting car. Carter entered the car on the passenger side, and the car sped away.

Their investigation into Hadnot's murder led the police to Carter, Eric Tolbert and the defendant. Eyewitnesses to the murder identified in a photo array the car in which Carter had made his escape; the car was registered to Tolbert. Several eyewitnesses observed more than two individuals in the car, and an eyewitness who was acquainted with the defendant placed the defendant in the car at the time of the murder, asserting that he saw the defendant emerge from the passenger side of the two-door vehicle to let Carter into the backseat.

Witnesses who knew Hadnot testified at trial that Hadnot worked for the defendant as a drug dealer. The relationship between the defendant, as supplier, and Hadnot, as dealer, had become strained shortly before the murder over Hadnot's failure to reimburse the defendant for drugs consigned to Hadnot for sale. On August 10, 1988, three days before the murder, the defendant arrived at Hadnot's home and left a message for Hadnot with Hadnot's roommate; the message was a death threat based upon the defendant's suspicion that Hadnot had burglarized his house that morning, taking drugs and money. The next day, the defendant confronted Hadnot directly. Hadnot denied any knowledge of or involvement in the alleged theft. Hadnot's roommate testified that, shortly after Hadnot was murdered, the defendant apologized to her for what had occurred.

A fellow inmate of the defendant, who befriended the defendant while he was in jail awaiting trial, testified that the defendant admitted killing Hadnot and asserted as his justification for doing so Hadnot's failure to reimburse him for the consignment of drugs and Hadnot's involvement in the theft of money and drugs from the defendant's house.

The defendant, in his first assignment of error, contends that the judgment of conviction entered below was contrary to the manifest weight of the evidence. We disagree.

After careful review of the record of the proceedings below, assessment of the evidence and all reasonable inferences therefrom, and consideration of the credibility of the witnesses, we cannot say that the jury, in resolving the conflicts in the evidence, lost its way and created such a manifest miscarriage of justice as to warrant reversal of the defendant's conviction. See *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S. Ct. 2211; *State v. Martin* (1983), 20 Ohio App. 3d 172, 485 N.E.2d 717. Accordingly, we overrule the defendant's first assignment of error.

In his second assignment of error, the defendant challenges the trial court's denial of his motion to dismiss the charge against him on the basis that he was denied his statutory right to a speedy trial. We find no merit to this challenge.

The defendant was charged in the indictment with aggravated murder, a felony.

R.C. 2945.71(C)(2) requires that a person charged with a felony be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(E), which governs the computation of the time within which a trial must be held, provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Pursuant to R.C. 2945.73, an accused who is not brought to trial within the time strictures mandated by R.C. 2945.71 must, upon motion made at or prior to the time of trial, be discharged.

The defendant was arrested on September 22, 1988, and he was incarcerated solely on the charge of aggravated murder from the time of his arrest until the day of trial. Therefore, from September 22, 1988, to the day of trial, the R.C. 2945.71(E) triple-count provision was applicable, and each day of incarceration counted three days toward the statutory two hundred seventy days.

The chief point of contention between the parties arises over the issue of when, for purposes of the speedy-trial provisions, the defendant's trial commenced. On December 15, 1988, the jury was impanelled and sworn. The trial court then, on its own initiative, continued the trial until January 3, 1989, so that the holidays would not prove a distraction to the jury or court personnel. On January 3, the defendant moved for dismissal on speedy-trial grounds. The motion was denied. Counsel thereupon delivered opening arguments, and evidence was taken. The state contends that the

defendant's trial commenced on December 15, when the jury was impanelled and sworn. The defendant asserts that to so hold would emasculate the protections afforded by the speedy-trial provisions. He contends that the trial did not begin until January 3, when the court began taking evidence.

The point at which a jury trial commences for purposes of the Ohio speedy-trial provisions is not defined by statute, nor has it been settled by judicial decision. Federal courts have, however, addressed this issue with respect to the federal Speedy Trial Act, Section 1361 *et seq.*, Title 18, U.S. Code, and found that a jury trial commences for purposes of the act when voir dire of the jury begins. See, *e.g., United States v. Mentz* (C.A. 6, 1987), 840 F.2d 315; *United States v. Fox* (C.A. 2, 1986), 788 F.2d 905; *United States v. AAA Elec. Co., Inc.* (C.A. 4, 1986), 788 F.2d 242; *United States v. Manfredi* (C.A. 9, 1984), 722 F.2d 519; *United States v. Martinez* (C.A. 10, 1984), 749 F.2d 601; *United States v. Howell* (C.A. 5, 1983), 719 F.2d 1258, certiorari denied (1984), 467 U.S. 1228, 104 S. Ct. 2246; *United States v. Gonzalez* (C.A. 11, 1982), 671 F.2d 441, certiorari denied (1982), 456 U.S. 994, 102 S. Ct. 2279.

The federal Speedy Trial Act requires dismissal of the indictment against a defendant who is not brought to trial within seventy days of the filing of the indictment or information or of the defendant's first appearance before a judicial officer of the court in which the charge is pending, whichever occurs later. Sections 3161(c)(1) and 3162(a)(2), Title 18, U.S. Code. In *United States v. Gonzalez, supra,* the defendant was indicted on September 4, 1980. On November 13, exactly seventy days after the indictment was returned, the defendant's case was called for trial. The district court conducted voir dire, and the jury was impanelled but not sworn. The district court judge then advised counsel that he would not be available from November 18 through 21 and gave counsel the option of resuming trial on November 17 with a recess until November 24 or waiting to resume trial until November 24, whereupon the trial could proceed uninterrupted until its conclusion. Defense counsel chose the second alternative. On November 17, the defendant moved for dismissal of the indictment on speedy-trial grounds. On November 24, the district court overruled the motion. The jury was then sworn, and on the following day, the defendant was convicted.

On appeal to the United States Court of Appeals for the Eleventh Circuit, the defendant challenged the denial of his motion to dismiss the indictment, contending that his trial did not begin until November 24, 1980, when the jury was sworn and jeopardy attached, and that he, therefore, was not brought to trial within the statutory period. The court of appeals declined to adopt the standard proposed by the defendant. The court found that the rule of law which holds that jeopardy attaches for purposes of the Double Jeopardy Clause when the jury is sworn is based upon considerations wholly different from the premises underlying the Speedy Trial Act, and that those considerations do not compel adoption of the same rule for the commencement of trial for purposes of the act.

The court further found that the standard proposed by the defendant might provide incentive to defense counsel to prolong voir dire so that the jury would be sworn outside the statutory period and that, even without an intentional delay, a lengthy voir dire might result in a mid-voir dire dismissal. The court, therefore, held that, for purposes of the Speedy Trial Act, a jury trial commences when the court begins voir dire.

The court in *Gonzalez* cautioned, however, that its decision should not be construed as granting courts a license to evade the spirit of the Speedy Trial Act by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is taken. Thus, the federal courts of appeals that have followed *Gonzalez* in holding that trial begins for purposes of the act with voir dire have found that the act is not violated when voir dire is commenced within the statutory period and a short recess places the swearing of the jury outside the statutory period, but that the spirit of the act may be violated when the swearing of the jury and the taking of evidence is substantially delayed and the record does not disclose any justification for the delay. *Compare Fox, supra* (dismissal of the indictment was warranted when the jury was sworn five months after voir dire and no reason for the delay was placed of record); *and United States v. Stayton* (C.A. 2, 1986), 791 F.2d 17 (dismissal of the indictment was warranted when the jury was sworn twenty-three months after voir dire and no reason justifying the delay was placed of record); *with United States v. Richmond* (C.A. 6, 1984), 735 F.2d 208 (the act was not circumvented by a fourteen-day delay between voir dire and resumption of trial when

the record shows that the delay was necessary to allow defense counsel to prepare for trial); *Howell, supra* (a seven-day delay between voir dire and the resumption of trial to allow a civil case to be tried was not unreasonable); *and Gonzalez, supra* (the act was not violated by an eleven-day delay between voir dire and resumption of trial when the delay was brief, the district court showed a willingness to resume at an earlier date, and defense counsel opted for the later date).

Our determination of when a jury trial commences for purposes of the Ohio speedy-trial provisions is not controlled by the federal courts' construction of the federal Speedy Trial Act. We find, however, that the rationale advanced by the federal courts in adopting the commencement of voir dire as the point at which trial begins under the act is equally compelling in the context of the Ohio speedy-trial provisions. We, therefore, hold that a jury trial commences for purposes of the Ohio speedy-trial provisions when voir dire begins.

In the instant cause, however, we do not reach the issue of whether the spirit of the Ohio speedy-trial provisions was circumvented by the nineteen-day delay between voir dire of the jury on December 15, 1988, and the resumption of trial on January 3, 1989. We find that regardless of whether the delay was justified, the defendant was brought to trial within the prescribed period.

Pursuant to R.C. 2945.72(H), the time within which an accused must be brought to trial may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion * * *." A continuance granted other than upon the accused's own motion will operate to extend the time within which the accused must be brought to trial only if it is "reasonable." R.C. 2945.72(H). If the continuance is of such length as to be "facially unreasonable and seriously open to question," it will not extend the statutory period unless the necessity for and reasonableness of the delay is demonstrated on the record. *State v. Wentworth* (1978), 54 Ohio St. 2d 171, 175, 375 N.E.2d 424, 427; see, also, *State v. Alexander* (June 17, 1987), Hamilton App. Nos. C-860530, C-860555, unreported.

On October 14, 1988, the defendant retained counsel, and the matter was continued for trial to December 7, 1988. The October 14 entry of continuance states that the matter was continued "by agreement of counsel for the State and counsel for the defendant." T.d. 6. The entry does not expressly set forth the purpose for which the continuance was granted. It is evident, however, from the sequence of events disclosed on the record that the continuance was granted to afford recently retained defense counsel an opportunity to prepare for trial. We find that, under the circumstances, including the serious nature of the offense with which the defendant was charged, the fifty-four-day continuance, entered by agreement of counsel to afford defense counsel an opportunity to prepare for trial, was both necessary and reasonable. Therefore, pursuant to R.C. 2945.72(H), the continuance operated to extend the statutory time within which the defendant must have been brought to trial. See *State v. McRae* (1978), 55 Ohio St. 2d 149, 378 N.E.2d 476 (a forty-seven-day continuance, granted to give recently appointed defense counsel time to prepare for trial, constituted a reasonable continuance granted other than upon the accused's own motion and, pursuant to R.C. 2945.72[H], extended the time limits of R.C. 2945.71).

The time within which an accused must be brought to trial may also be extended by "[t]he period of any continuance granted on the accused's own motion." R.C. 2945.72(H). On December 7, 1988, the trial court granted the defendant's motion to be tried separately from his co-indictees, Carter and Tolbert, and at the defendant's request, the matter was continued for trial pending completion of the trials of Carter and Tolbert. On December 14, the court entered a third continuance on its own initiative, citing the need to complete the proceedings against Tolbert and the judge's inability to be present for the day's proceedings. On December 15, the jury was impanelled and sworn.

We find that the seven-day continuance from December 7 to December 14, entered at the defendant's request, constituted a continuance granted on the accused's own motion. Therefore, pursuant to R.C. 2945.72(H), it operated to extend the time within which the defendant must have been brought to trial. *Cf. State v. Scott* (1980), 61 Ohio St. 2d 155, 400 N.E.2d 375 (the delay of defendant's trial pending completion of a separate trial of defendant's co-indictee was attributable to a reasonable continuance granted other than upon defendant's own motion and extended the statutory time for trial. R.C. 2945.72[H]).

R.C. 2945.72(E) provides for an extension of time within which an accused must be brought to trial for any period of delay necessitated by

reason of a motion or action made or instituted by the accused. The express purpose of the December 7 continuance, granted at the defendant's request, was to postpone the defendant's trial until the proceedings against Carter and Tolbert were completed. The one-day continuance from December 14 to December 15, although entered upon the court's own initiative, was occasioned in part by the need to complete the proceedings against Tolbert. Thus, the December 14 continuance may be interpreted in two ways: it may be viewed as superfluous to the December 7 continuance granted on the defendant's own motion; see R.C. 2945.72(H); or it may be construed as a period of delay necessitated by reason of a motion or action by the defendant. See R.C. 2945.72(E). Under either interpretation, the one-day continuance from December 14 to December 15 operated to extend the time within which the defendant must have been brought to trial.

To summarize, the twenty-two-day period from the date of the defendant's arrest on September 22, 1988, to October 14, when the defendant retained counsel and the matter was continued for trial by agreement of counsel, counted sixty-six days toward the statutory two hundred seventy days. The fifty-four-day period of delay between October 14 and December 7, occasioned by a continuance entered by agreement of counsel to enable defense counsel to prepare for trial, did not count toward the statutory two hundred seventy days. Similarly, the seven-day continuance from December 7 to December 14, granted at the defendant's request, and the one-day continuance from December 14 to December 15, to facilitate the completion of the proceedings against Tolbert, did not count toward the two hundred seventy days. The defendant's trial commenced on December 15, 1988, when the court began voir dire. The defendant was, therefore, brought to trial within sixty-six days of his arrest.

After the jury was impanelled and sworn, the trial was continued until January 3, 1989. Even if we find no justification for the nineteen-day delay between voir dire of the jury on December 15 and the resumption of trial on January 3, the delay would count only fifty-seven days toward the statutory period and the defendant would have been brought to trial within one hundred twenty-three days of his arrest.

Upon our determination that the defendant was brought to trial well within the statutory period, we uphold the trial court's denial of the defendant's motion to dismiss. Accordingly, we overrule the defendant's second assignment of error.

*Judgment affirmed.*

KLUSMEIER and HILDEBRANDT, JJ., Concur.