El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Noel Paonesa Arroyo y Sonia González Alejandro c/p Carmen González Alejandro c/p La Bella, fueron acusados por el delito de asesinato en primer grado, conspiración para cometer asesinato en primer grado y violaciones a la Ley de Armas del 2000. En específico, se les imputó que de forma “ilegal, voluntaria, criminalmente, con alevos [í] a, malicia premeditada y deliberad [ó] n y con el prop [ó] sito decidido y firme de matar, actuando en concierto y común acuerdo entre s[í] dieron muerte al ser humano Edwin Vigo Aponte consistente dicho acto en que utilizan[d]o un arma de fuego le hizo [sic] varios disparos que le ocasionaron la muerte en el acto”. Apéndice del Certiorari, pág. 22.
El 1 de diciembre de 2005, Paonesa fue ingresado en el Centro de Detención de Bayamón al no prestar la fianza de $1.5 millones. En la vista preliminar, celebrada el 14 de marzo de 2006 ante el Tribunal de Primera Instancia, Sala de Caguas, se encontró causa probable para acusarlo por los delitos de asesinato en primer grado y violación al Art. 5.04 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. see. 458c. El 28 de marzo de 2006 se llevó a cabo el acto de lectura de acusación.
El 11 de mayo de 2006, el tribunal señaló el juicio por jurado para el 22 de mayo de 2006. En tal fecha, según surge de la Minuta, el tribunal indicó a los allí presentes que, debido a que el caso le había sido trasladado de otra Sala y ya había comenzado unos casos de homicidio, asesi-nato y actos lascivos, era necesario integrar su caso a su Sala y ubicarlo en el calendario. Ese día el tribunal le tomó el juramento preliminar a los potenciales candidatos a ju-rado y señaló la continuación del juicio para el 21 y 22 de junio de 2006.
El 1 de junio de 2006, Paonesa Arroyo presentó un re-curso de habeas corpus ante el tribunal de instancia. Plan- *207 teó que procedía su excarcelación según lo establecido en el Art. II, Sec. 11 de la Constitución del Estado Libre Aso-ciado de Puerto Rico, ya que habían transcurrido más de seis meses desde su detención y aún no se había celebrado el juicio correspondiente.
El 2 de junio de 2006, el tribunal de instancia emitió una resolución para denegar la solicitud de habeas corpus y reiteró el señalamiento de continuación del juicio para el 21 de junio de 2006. El foro primario expresó que el juicio comenzó el 22 de mayo de 2006 con la desinsaculación del Jurado, cuando aún no había transcurrido el término cons-titucional de seis meses. Sobre el particular, señaló que se llevó a cabo la juramentación preliminar del Jurado y se realizaron entrevistas individuales y generales de los posi-bles candidatos a servir como jurados. Además, destacó que distinto a la situación en casos donde se plantea la defensa de doble exposición, cuando se trata de detención preventiva y del derecho a juicio rápido, basta con el jura-mento preliminar del Jurado según la Regla 119 de Proce-dimiento Criminal, 34 L.P.R.A. Ap. II, para que se entienda iniciado el juicio.
Inconforme, Paonesa Arroyo solicitó su excarcelación al Tribunal de Apelaciones. Argumentó que su detención era ilegal porque violaba la disposición constitucional que proscribe las detenciones preventivas en exceso de seis me-ses sin haberse iniciado el juicio. El 14 de junio de 2006, el Tribunal de Apelaciones emitió su sentencia: revocó la de-terminación del tribunal de instancia y ordenó la excarce-lación de Paonesa Arroyo. El foro apelativo resolvió que, si bien para efectos de la detención preventiva el juicio co-mienza con la juramentación preliminar del Jurado, en este caso “el Estado no hizo esfuerzos genuinos por preser-varle el derecho al acusado de que se le celebrara juicio dentro de los seis meses de su detención preventiva”. Apén-dice del Certiorari, pág. 71. A su juicio, lo aquí ocurrido —tomarle el juramento preliminar al Jurado, hacer unas preguntas generales y, tras ello, posponer el caso— consti- *208 tuyeron “esfuerzos livianos conducentes a dar por comen-zado el juicio y así circunvalar lo preceptuado en la Cláu-sula de Detención Preventiva”. Id.
De tal determinación recurrió ante este Tribunal el Pueblo de Puerto Rico, por conducto del Procurador General, mediante una moción en auxilio de jurisdicción y solicitud de certiorari. El 19 de jimio de 2006 ordenamos la paraliza-ción de los procedimientos ante el tribunal de instancia hasta la resolución del recurso presentado ante nuestra consideración. El Procurador General presentó una moción en reconsideración parcial, en la que nos solicitó que orde-náramos la reencarcelación inmediata de Paonesa. Alegó que el juicio comenzó el 22 de mayo de. 2006 y que, por lo tanto, no cabe hablar de una violación a la cláusula consti-tucional de detención preventiva. Denegamos tal solicitud.
Expedimos el recurso. Con el beneficio de la compare-cencia de las partes, procedemos a resolver.
I
El Art. II, Sec. 11 de nuestra Constitución, consagra los derechos que le asisten a un acusado en los procesos criminales cuando establece, en lo pertinente:
En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público ... y a gozar de la presun-ción de inocencia.
Nadie será puesto en riesgo de ser castigado dos veces por el mismo delito.
Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio.
La detención preventiva antes del juicio no excederá de seis meses. Las fianzas y las multas no serán excesivas. Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 327.
Las Reglas de Procedimiento Criminal adoptaron los mandatos constitucionales antes expuestos. En primer tér-mino, la Regla 64(f) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, esboza los fundamentos para solicitar la *209 desestimación de una acusación o denuncia, entre ellos, cuando la causa en cuestión, o alguna controversia esencial a ésta, es cosa juzgada.
La Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, habilita la desestimación de una acusación o denuncia por motivo de violaciones al derecho a un juicio rápido.(1) La Regla 110 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, establece que se presumirá inocente al acu-sado mientras no se pruebe lo contrario.
De particular relevancia a la controversia que hoy atendemos, la Regla 6.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regula lo relativo a la imposición de fianzas. Dispone, en lo pertinente, que “[l]as personas arrestadas por delito no serán restringidas innecesariamente de su libertad antes de mediar fallo condenatorio”. La fianza impuesta no puede ser excesiva. Const. E.L.A., ante. Su único propósito es garantizar la comparecencia del imputado a los procedimientos judiciales. E.L. Chiesa, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 17.4, págs. 468-475; Pueblo v. Negrón Vázquez, 109 D.P.R. 265 (1979).
Cuando el imputado no puede prestar la fianza que se le impone, queda sometido a detención preventiva durante el periodo anterior al juicio. Es decir, permanece sumariado en espera de que se celebre él proceso criminal en su contra. Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990); Pueblo v. González Vega, 147 D.P.R. 692 (1999). Sin embargo, aun cuando el Estado tiene un deber de custodia que, en ciertas situaciones, le autoriza a tomar medidas *210 que garanticen que el imputado no evada la jurisdicción, y por eso puede “condicionar” la libertad del acusado antes del juicio, existen límites a la restricción de la libertad del acusado.
A esos efectos, y como expresáramos anteriormente, el Art. II, Sec. 11 de nuestra Constitución establece que la “detención preventiva antes del juicio no excederá de seis meses”. Const. E.L.A., ante, pág. 327. La referida cláusula constitucional tiene el propósito de asegurar que el acusado comparezca a los procedimientos cuando éste no ha prestado fianza, a la vez que evita que se le castigue excesivamente por un delito por el cual no ha sido juzgado. Pueblo v. Martínez Torres, ante. La profesora Resumil señala que la cláusula de detención preventiva pretende “evitar que a urna persona a quien ampara una presunción de inocencia sea restringida por el estado en el ejercicio de su poder de custodia con el único propósito de hacerle comparecer ajuicio”. O.E. Resumil, Derecho Procesal Penal, New Hampshire, Ed. Butterworth, 1993, T. 2, Sec. 25.4(a), pág. 248. La duración limitada del periodo de detención preventiva pretende evitar que “se convierta en un castigo anticipado por un delito no juzgado”. (Enfasis suprimido.) Resumil, op. cit., pág. 248. Cabe señalar que no existe una disposición equivalente a ésta en la Constitución de Estados Unidos. Chiesa, op. cit., Sec. 17.2, pág. 461.
En el Informe de la Comisión de la Carta de Derechos se describió la cláusula constitucional sobre la detención pre-ventiva como algo nuevo en nuestra jurisdicción, que tiene el propósito de “impedir que se pueda encarcelar a una persona por más de seis meses sin celebrarle juicio”.(2) Del Diario de Sesiones de la Convención Constituyente de *211 Puerto Rico surge que el delegado, señor Alvarado, ex-presó, en torno al término máximo para la detención pre-ventiva, que “ [e] ste término es tan y tan perentorio que si llegan los seis meses y el acusado no ha sido sometido a juicio, la corte tiene que ponerlo en la calle por un habeas corpus inmediatamente que hayan pasado los seis meses”. (Enfasis suplido.) 3 Diario de Sesiones de la Convención Constituyente 1595 (1961).
No obstante lo anterior, en la Convención se aclaró que, naturalmente, el acusado no queda exento de los cargos presentados en su contra, sino que se continuará la cele-bración del juicio como si estuviera bajo fianza; es decir, en libertad. Diario de Sesiones, ante, pág. 1597; Ruiz Ramos v. Alcaide, 155 D.P.R. 492 (2001); Pueblo v. Monge Sánchez, 122 D.P.R. 590 (1988); Pueblo v. Cruz Román, 84 D.P.R. 451 (1962); Pueblo v. Ortiz, 76 D.P.R. 247 (1954). Dicho de otra manera, una vez transcurren seis meses desde la de-tención del acusado sin que el acusado sea sometido al jui-cio correspondiente, éste tiene derecho a ser excarcelado y permanecer en libertad por el resto del tiempo que duren los procedimientos en su contra.
La cláusula sobre detención preventiva fue debatida ampliamente por la Convención Constituyente, específica-mente la inclusión de la frase “antes del juicio”. Tras su aprobación, ha habido discusión sobre si la frase antes re-señada exige que se inicie el juicio antes del término de seis meses, o que se produzca un fallo definitivo antes de que venza dicho plazo. Sobre ello, el profesor Chiesa señala que aunque no está claro si el juicio debe celebrarse en su to-talidad dentro del plazo de seis meses o si basta con que el juicio comience antes de que transcurra dicho plazo, el texto de la cláusula parece indicar que se trata del último supuesto, ya que dispone que el acusado no puede estar en detención preventiva por un periodo mayor de seis meses “antes del juicio”. (Enfasis suprimido.) Chiesa, op. cit, See. 17.2, pág. 463.
*212 Estamos contestes; esto es, resolvemos que es suficiente el “inicio” del juicio —antes de que se cumplan los seis meses de prisión preventiva— para evitar la excarcelación del acusado al amparo de la cláusula de detención preventiva. Esto es, no se requiere la celebración de la totalidad del juicio dentro de los seis meses desde que el acusado fue detenido preventivamente.
Ahora bien, en nuestro ordenamiento coexisten dos momentos distintos en los cuales se entiende iniciado un juicio, dependiendo del derecho tutelado. Según la cláusula de doble exposición, el juicio comienza cuando el Jurado ha tomado el juramento definitivo o cuando, en casos por tribunal de derecho, el primer testigo presta juramento. D. Nevares-Muñiz, Sumario de derecho procesal penal puertorriqueño, 8va ed. rev., San Juan, Ed. Inst. Desarrollo del Derecho, 2007, pág. 138; Pueblo v. Martínez Torres, ante; Crist v. Bretz, 437 U.S. 28 (1978).
El momento es distinto para un acusado que interesa renunciar a un juicio por jurado al amparo de la Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En Pueblo v. Borrero Robles, 113 D.P.R. 387, 393-394 (1982), resolvimos que, al amparo de la citada Regla 111 de Procedimiento Criminal, después de comenzado el juicio, el acusado sólo puede renunciar al derecho a juicio por jurado a discreción del tribunal.(3)
En dicha ocasión resolvimos que, en el contexto del de-recho de un acusado a renunciar al derecho a juicio por jurado, la “frase el ‘comienzo del juicio’ significa que se haya movido la maquinaria de la justicia en la fecha seña-lada para la celebración del proceso. No hay que aguardar *213 necesariamente a la desinsaculación y juramentación final de todos los jurados para afirmar que se ha iniciado el juicio. Basta con que se haya tomado el juramento prelimi-nar que ordena la Regla 119 [de Procedimiento Criminal]”. (Enfasis suplido.) Pueblo v. Borrero Robles, ante, pág. 393.
Aun cuando existen momentos distintos para el “co-mienzo” del juicio para efectos de la cláusula de doble ex-posición y el de la renuncia al derecho ajuicio por jurado al amparo de la Regla lli de Procedimiento Criminal, ante, este Tribunal nunca se ha expresado sobre el momento en que comienza el juicio para efectos de la cláusula constitucional sobre detención preventiva. Acometemos dicha encomienda.
II
Tomando en cuenta que, como expresáramos anterior-mente, no existe disposición equivalente a la cláusula so-bre detención preventiva en la jurisdicción federal, debe-mos analizar nuestra jurisprudencia relativa a la misma, la política pública que motivó la imposición de un límite de tiempo en ésta y los derechos tutelados por las cláusulas constitucionales con las cuales, según señalamos anterior-mente, se le ha comparado.
En su recurso, el Procurador General sostiene que, en vista de que el juicio comenzó el 22 de mayo de 2006 —al juramentarse preliminarmente al Jurado— era improce-dente cualquier reclamación de dilación excesiva en la ce-lebración del juicio al amparo de la cláusula de detención preventiva y la posterior excarcelación de Paonesa. A su juicio, el único derecho que a éste le asistía era la presen-tación de un mandamus para exigirle al tribunal que orde-nara la continuación del juicio sin dilaciones para evitar violaciones a su debido proceso de ley y a su derecho cons-titucional a un juicio rápido.
El límite temporal impuesto a la detención preventiva *214 es, naturalmente, de rango constitucional. La excarcela-ción de un acusado al amparo de la cláusula de detención preventiva está vinculada, indudablemente, a la primacía del derecho a la libertad y a la presunción de inocencia.
No hay duda de que la protección contra la doble expo-sición tutela intereses de suma importancia en nuestra ju-risdicción, ya que protege a las personas de ser castigadas dos veces por el mismo delito.(4) Esta cláusula constitucio-nal impone límites constitucionales al poder de sancionar que tiene el Estado, para proteger los derechos del acusado. En particular, concede al Estado una sola oportu-nidad para probar que un acusado es culpable más allá de toda duda razonable, rebatiendo así la presunción de ino-cencia que cobija a todo acusado. Chiesa, op. cit., Sec. 16.4, pág. 412.
El derecho a un juicio rápido, por otro lado, pretende evitar que el acusado esté sujeto a la incertidumbre que produce un juicio criminal que se extiende por un periodo sustancial de tiempo. Sobre el particular, Chiesa señala que la cláusula de juicio rápido anglosajona, de estirpe similar a la nuestra, pretende:
1. Evitar [la] indebida y opresiva encarcelación antes del juicio,
2. minimizar la ansiedad y preocupación que genera una acusación pública [,] y
3. limitar las posibilidades de que una dilación extensa me-noscabe la capacidad del acusado para defenderse. Chiesa, op. cit., Sec. 12.1, pág. 117.
El Procurador General nos señala que las cortes federa-les han sostenido que el juicio, para efectos del Speedy Trial Act, 18 U.S.C.A. sec. 3161, comienza con el voir dire *215 del Jurado, y no con la juramentación definitiva. Véanse: U.S. v. Osteen, 254 F.3d 521 (4to Cir. 2001); Government of Virgin Islands v. Duberry, 923 F.2d 317 (3er Cir. 1991); United States v. Stayton, 791 F.2d 17 (2do Cir. 1986); United States v. Crane, 776 F.2d 600 (6to Cir. 1985); United States v. Gonzalez, 671 F.2d 441 (11vo Cir. 1982).
No hay duda de que, desde el arresto, el procedimiento criminal debe llevarse a cabo dentro de los límites tempo-rales impuestos tanto por la Constitución como por las Re-glas de Procedimiento Criminal. Así claramente lo esta-blece la citada Sec. 11 del Art. II de nuestra Constitución y las Reglas de Procedimiento Criminal pertinentes.
La cláusula de detención preventiva evita que la encarcelación del acusado antes del comienzo del juicio ex-ceda de seis meses, en cierto modo obligando al Estado a enjuiciar al acusado lo más pronto posible. El derecho a un juicio rápido tiene el propósito de que el proceso, desde el arresto hasta la convicción o absolución, no esté colmado de dilaciones excesivas e irrazonables que puedan perjudicar al acusado o su defensa. Ambas disposiciones tienen el propósito común de agilizar los procedimientos, debiéndose mantener presente que tanto el acusado como la sociedad en general tienen un gran interés en que se resuelva y determine, definitivamente, la inocencia o culpabilidad de éste. Siendo ello así, resulta lógico y razonable concluir —y así lo resolvemos— que, al amparo de ambas disposiciones, se debe entender que el juicio ha comenzado cuando se juramenta preliminarmente al Jurado y no en dos momentos distintos.
Reconocemos que dicha determinación puede promover que, en ocasiones, se lleve a cabo la juramentación prelimi-nar con el único propósito de asegurar que el acusado per-manezca detenido. Si bien ello puede suceder, el acusado no queda huérfano de remedios ya que, una vez se lleva a cabo la juramentación preliminar bajo el palio del derecho *216 a un juicio rápido, el tribunal no se puede cruzar de brazos. A esos efectos, y al interpretar el Speedy Trial Act, las cor-tes federales han concluido que una dilación excesiva entre el voir dire y la juramentación definitiva del Jurado es una violación al derecho a un juicio rápido que puede conllevar la desestimación de la acusación. Véanse: U.S. v. Osteen, ante; Government of Virgin Islands v. Duberry, ante; United States v. Stayton, ante; United States v. Crane, ante; Únited States v. Gonzalez, ante.(5) Acogemos dicho razonamiento e interpretación.
De esta manera se salvaguarda el derecho del acusado a ser sometido a un juicio con celeridad, así como el derecho a no permanecer detenido por un periodo de tiempo en ex-ceso de seis meses sin ser sometido a juicio; derechos que están íntimamente vinculados entre sí.
De acuerdo con lo anteriormente expuesto, resolvemos que en el contexto de la cláusula constitucional sobre deten-ción preventiva, el juicio “comienza” con la juramentación preliminar del Jurado bajo la Regla 119 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
III
En el caso de autos, tras llevar a cabo la juramentación preliminar del Jurado, el tribunal pospuso el inicio del jui-cio por un periodo de aproximadamente un mes, debido a que tenía ante su consideración un caso criminal complejo y el caso de Paonesa Arroyo le había sido transferido de otra sala, por lo cual era necesario ubicarlo en el calendario de su sala. Si bien hemos señalado que las tardanzas atri-buibles a un calendario de trabajo congestionado, por sí solas, no justifican la posposición de un señalamiento del *217 juicio, en este caso no se trata de un mero reclamo de tra-bajo excesivo, sino de acomodar en el calendario de una sala un caso proveniente de otra sala cuando ya se estaba ventilando otro en la misma. Véanse: Pueblo v. Guzmán Meléndez, 161 D.P.R. 137 (2004); Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986).
Se debe mantener presente que las demoras institucionales, de ordinario atribulóles al Estado, que “no tienen de forma alguna el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado”. Pueblo v. Valdés et al., 155 D.P.R. 781, 793 (2001). Aun cuando ello no implica que tales demoras justifican la inobservancia de los términos de juicio rápido, las mismas deberán ser evaluadas conforme los hechos de cada caso en particular. .
Además, y aun cuando no fue Paonesa Arroyo quien so-licitó la posposición, éste tampoco se opuso a la misma ni reclamó su derecho a un juicio rápido. Incluso, tampoco solicitó la desestimación de la acusación al amparo de la Regla 64(n) de Procedimiento Criminal, ante, sino que pre-sentó un recurso de habeas corpus bajo el fundamento de que el juicio no había comenzado con la juramentación pre-liminar del Jurado.
Tomando en cuenta lo antes expuesto, es forzoso con-cluir que, en vista de que el juicio comenzó con la juramen-tación preliminar del Jurado el 22 de mayo de 2006, el remedio que tenía disponible Paonesa Arroyo era una soli-citud de desestimación y no un habeas corpus. Asimismo, pudo haber solicitado —y no lo hizo— la expedición de un mandamus para que el tribunal señalara la continuación de los procedimientos con celeridad. En resumen, el juicio en el presente caso comenzó antes de que transcurriera el plazo de seis meses que dispone la cláusula constitucional de detención preventiva.
*218 IV
En mérito de lo antes expuesto, procede confirmar la sentencia del tribunal apelativo en lo relativo a su determi-nación de que el juicio en el presente caso comenzó con la juramentación preliminar del Jurado y revocar la orden del foro apelativo intermedio ordenando la excarcelación de Paonesa Arroyo. Procede, además, devolver el caso al tribunal de instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez disintió sin opi-nión escrita.

 Así, procede la desestimación de la acusación cuando el acusado no es some-tido a juicio dentro de los sesenta días siguientes a la presentación de la acusación, en casos en que el acusado está detenido, o en ciento veinte días cuando el acusado se encuentra en libertad bajo fianza. Regla 64(3) y (4) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Véase E.L. Chiesa, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 12.2, pág. 158. Ahora bien, cuando existe justa causa para la demora, o cuando ésta sea atribuible al acusado, no procede la desestimación por tal razón.

 Ello en vista de que previo a la aprobación de la referida cláusula constitu-cional, era posible mantener a un acusado detenido mediante la presentación de acusaciones sucesivas cada vez que finalizaba el término de ciento veinte días esta-blecido por el Art. 448 del extinto Código de Enjuiciamiento Criminal de 1902, desde la acusación hasta la celebración del juicio. 4 Diario de Sesiones de la Convención Constituyente 2571 (1961).

 La Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, fue enmendada sustancialmente mediante la Ley Núm. 86 de 9 de julio de 1986. Como resultado de ello, la referida regla ahora dispone que “[s]i la renuncia al jurado se produce una vez comenzando el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público”. (Énfasis nuestro.) Por lo cual, la renuncia al Jurado cuando ha comenzado el juicio no descansa únicamente en la discreción del tribunal, sino que requiere la anuencia del Estado.

 La referida disposición opera cuando: (1) se comienza un segundo proceso por el mismo delito cuando el acusado fue absuelto o no fue convicto en el primer proceso; (2) cuando se comienza un segundo proceso por el mismo delito tras haber sido convicto en el primer proceso; (3) cuando el juicio comenzó en el primer proceso, aun cuando no hubo convicción o absolución, o (4) cuando se imponen castigos múltiples por la misma ofensa. Pueblo v. Martínez Torres, 126 D.P.R. 561, 568-569 (1990); Chiesa, op.cit., Sec. 16.1, pág. 354.

 Una dilación excesiva también puede alterar la composición del Jurado, en tanto el transcurso del tiempo desde la etapa preliminar hasta la juramentación final podría llevar a la sustitución de jurados potenciales. Véase U.S. v. Stayton, 791 F.2d 17 (2do Cir. 1986).