**UNITED STATES of America, Appellee,**

v.

**James FOX, Defendant-Appellant.**

**No. 731, Docket 85–1188.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 24, 1986.

Decided April 18, 1986.

Lawrence Besser, Miami, Fla. (Samek & Besser, Miami, Fla., of counsel), for defendant-appellant.

Frank J. Clark III, Asst. U.S. Atty., W.D. N.Y., Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Buffalo, N.Y., of counsel), for appellee.

Before MANSFIELD, MESKILL and PIERCE, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Western District of New York, Elfvin, J., convicting James Fox of conspiracy to possess, possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982). Fox's principal claim is that the five and one-half month adjournment between the *voir dire* and impaneling of the jury violated section 3161(c)(1) of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1982). Fox also claims that there was no probable cause to support his warrantless arrest and that, therefore, all incriminating evidence seized subsequent to the arrest should have been suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

For the reasons that follow, we reverse the judgment and remand the matter with respect to the speedy trial claim.

## BACKGROUND

On December 15, 1983, members of a Drug Enforcement Agency (DEA) task force were surveilling a house in Buffalo, New York, in connection with their investigation of sales of cocaine to an undercover

officer by a drug dealer living at that house. They observed a red and white pickup truck parked on the street near the house. The driver, later identified as Fox, entered an alley leading to the house, disappeared from view, then reappeared some fifteen minutes later and drove off in the truck.

Meanwhile, other members of the task force were watching a house at 119 Longmeadow Street, Amherst, New York. They had taken up positions near that house because of two earlier incidents. When an undercover agent made a prior controlled buy, a car registered to a woman living at 119 Longmeadow Street was parked near the drug dealer's house in Buffalo. On another occasion backup units had observed the drug dealer's car at 119 Longmeadow Street just before the dealer made a sale to an undercover officer. These observations indicated that 119 Longmeadow Street was the drug dealer's source of supply.

On December 15, 1983, members of the task force observed the same red and white pickup truck that had been seen earlier that evening in Buffalo drive up to the house at 119 Longmeadow Street. The driver entered the house, remained for approximately ten minutes, returned to the truck and drove off. Members of the task force followed the truck.

Undercover agents arrested the drug dealer when he attempted to make the sale of cocaine to the undercover officer. They radioed the team following the red and white pickup truck to stop the vehicle. The truck was stopped and the driver, appellant Fox, was arrested. A subsequent search of the truck turned up plastic bags with residues of cocaine, a mold for compressing cocaine and a weapon. Later a warrant was issued to search 119 Longmeadow Street and various items of contraband and cash were found and seized.

An indictment against Fox was filed January 11, 1984. On February 8, 1984, Fox orally moved to suppress the evidence seized during the searches of the pickup truck and 119 Longmeadow Street. The motion was argued and submitted to the court August 20, 1984. A jury was selected on October 23, 1984, but was not sworn in until April 9, 1985, when the trial began. On that day the court denied Fox's motion to suppress. Fox then moved to dismiss the indictment on the ground that the delay in trying the case violated the Speedy Trial Act. The district court postponed ruling on that motion, stating that "[i]f there be a conviction in the case I will write something on the matter [but I] won't even deal with it at this time." Tr. 1–6. The jury found Fox guilty on all counts but the judge neither ruled on the motion to dismiss the indictment nor explained his delay in conducting the trial. Fox appealed.

## DISCUSSION

### A. *Warrantless Arrest*

 The denial of Fox's motion to suppress was not error if the warrantless arrest was proper. A warrantless arrest is justified where the officers have probable cause to believe that an offense has been or is being committed. *United States v. Ginsberg*, 758 F.2d 823, 828 (2d Cir.1985). Probable cause exists where the facts and circumstances within the officers' knowledge and of which they have reasonably trustworthy information are " 'sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925)).

 The DEA task force had probable cause to believe that the person driving the red and white pickup truck was involved in the drug dealer's course of narcotics dealing. The task force had reason to believe that the dealer's source of supply was located at 119 Longmeadow Street because the drug dealer's car had been seen at that address immediately before one previous sale, and a car registered to a person living at that address was seen near the drug

dealer's house immediately prior to another sale. The red and white pickup truck, like these other two vehicles, was seen near the drug dealer's residence just before a planned sale of cocaine to an undercover agent. The truck and its driver then returned to 119 Longmeadow Street, the suspected distribution point for the cocaine. Viewed "practically and in a commonsense fashion," *United States v. Simmons*, 763 F.2d 529, 532 (2d Cir.1985) (quoting *United States v. Travisano*, 724 F.2d 341, 346 (2d Cir.1983)), these facts were sufficient to establish probable cause to believe that the driver of the pickup truck had supplied the cocaine that was later seized by the police when they arrested the drug dealer. *See Simmons*, 763 F.2d at 532; *Ginsberg*, 758 F.2d at 828.

### B. *Speedy Trial Act Violation*

■ The Speedy Trial Act provides that a trial must occur within seventy days of the filing of an indictment or information. 18 U.S.C. § 3161 (1982).[1] Trial normally "commences" for purposes of the Act with the *voir dire* of the jury. *United States v. Scaife*, 749 F.2d 338, 343 (6th Cir.1984); *United States v. Martinez*, 749 F.2d 601, 604 (10th Cir.1984); *United States v. Manfredi*, 722 F.2d 519, 524 (9th Cir.1984); *United States v. Howell*, 719 F.2d 1258, 1262 (5th Cir.), *cert. denied*, 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984); *United States v. Gonzalez*, 671 F.2d 441, 444 n. 4 (11th Cir.), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982); *United States v. Mejias*, 417 F.Supp. 579, 581 (S.D.N.Y.1976), *aff'd*, 552 F.2d 435 (2d

Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977).

In Fox's case the statutory seventy day period was to expire October 31, 1984. The trial court beat this deadline by conducting jury *voir dire* on October 23, 1984, and thus arguably avoided a violation of the Act.[2] We must decide whether the district court violated Fox's rights under the Act when it then delayed the start of Fox's trial for five months after selecting the jury.

■ A trial court has "broad discretion over the trial timetable" and the exercise of that discretion will not be overturned unless it is an arbitrary action that substantially impairs the defense. *United States v. Bein*, 728 F.2d 107, 114 (2d Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 135, 83 L.Ed.2d 75 (1984). The Act limits but does not entirely abrogate the trial court's discretion to control its own docket. *See United States v. Todisco*, 667 F.2d 255, 260 (2d Cir.1981) (discretion to grant or deny continuance), *cert. denied*, 455 U.S. 906, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *see also United States v. Correia*, 531 F.2d 1095, 1098 (1st Cir.1976) (noting that Act puts "significant pressure" on district court to exercise discretion to control its own docket); *cf.* 18 U.S.C. § 3161(h)(8)(A) to (C) ("ends of justice" continuance). Normally, the Act is not violated when the jury is selected within the 70-day period but a short recess places the swearing of the jury outside the statutory period. *Scaife*, 749 F.2d at 343 (12 days); *Martinez*, 749 F.2d at 604 (28 days); *Manfredi*, 722 F.2d at 524 (6 days); *Howell*, 719 F.2d at 1262 (7 days); *Gonzalez*, 671 F.2d at 444 (11 days).

---

**1.** Section 3161(c)(1) provides in pertinent part:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment. 18 U.S.C. § 3161(c)(1) (1982).

**2.** Pursuant to 18 U.S.C. § 3161(h), "[t]he following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:"

. . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

. . . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. 18 U.S.C. § 3161(h)(1)(F), (J) (1982). Thus, the period following the filing of the motion to suppress was excluded from the computation as were thirty days following the argument and submission of the matter to the court.

But if a court impairs a defendant's ability to make a defense by arbitrarily and substantially delaying the trial, it abuses its discretion. *Cf. United States v. Bein,* 728 F.2d at 114.

■ There is no indication here that either Fox or the prosecutor requested adjournment. *Cf. United States v. Richmond,* 735 F.2d 208, 211–12 (6th Cir.1984) (delay in commencing trial after *voir dire* excused where defendant's counsel requested the delay). Furthermore, the record is devoid of any justification to support the district court's adjournment of the trial for over five and one-half months after selecting the jury. This void prevents us from accepting the technical commencement of the trial on October 23, 1984, as satisfying the requirements of the Act. If the recess was not justified and defeated the purposes of the Act, the Act was violated. *United States v. Crane,* 776 F.2d 600, 603 (6th Cir.1985). *Cf. Bein,* 728 F.2d at 114.

■ The Speedy Trial Act was passed to help reduce crime and recidivism by reducing the delay in bringing criminals to justice. Speedy Trial Act of 1974, Pub.L. 93–619, 88 Stat. 2076. It "was intended to clarify the rights of defendants and to ensure that criminals are brought to justice promptly." *United States v. Pollock,* 726 F.2d 1456, 1459–60 (9th Cir.1984). It gives effect to, but does not entirely displace, the Sixth Amendment right to a speedy trial. *United States v. Horton,* 705 F.2d 1414, 1416 n. 5 (5th Cir.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983).

■ Fox argues that in this case the district court attempted to evade the strictures of the Act. The court delayed trial for more than five months after jury selection. It failed to state on the record the reasons for the long recess. Nothing in the Act justifies this kind of delay. Therefore, a reversal of the conviction and a dismissal of the indictment in accordance with 18 U.S.C. § 3162(a)(2) (1982) is in order.[3] A decision whether to dismiss with or without prejudice requires an evaluation of several factors, among them the seriousness of the offense, the facts and circumstances leading to the dismissal and the proper administration of justice. *Id.*

■ Because the district judge failed to give reasons for his action and because of the seriousness of the drug offense charged, we are uncertain whether the indictment in this case should be dismissed with or without prejudice. Therefore, we have decided to reverse the judgment of conviction and remand for further proceedings. *Cf. United States v. Simmons,* 786 F.2d 479, 485 (2d Cir.1986).

The district court on remand should give reasons for the delay of the trial and state whether that delay makes dismissal with prejudice appropriate in light of "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice," 18 U.S.C. § 3162(a)(2), keeping in mind that dismissal of a criminal indictment is a drastic remedy which should not be lightly considered. *See United States v. Brown,* 602 F.2d 1073, 1076–77 (2d Cir.1979).

The district court's ruling shall be made within thirty days. Any further appeals in this case should be forwarded to this panel.

The judgment of conviction is reversed and this matter is remanded to the district court for further proceedings consistent with this opinion. The mandate shall issue forthwith.

---

**3.** Subsection 3162(a)(2) provides in pertinent part:

 If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.... In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2) (1982).