**UNITED STATES of America, Appellee,**

v.

**Oral BROWN, also known as Steven Williams, Defendant–Appellant.**

**Docket No. 00–1587.**

United States Court of Appeals, Second Circuit.

May 30, 2001.

Denis P. McAllister, Williston Park, NY; on submission, for appellant.

Steven Breslow, Assistant United States Attorney, Eastern District of New York; Loretta E. Lynch, United States Attorney, David C. James and Peter A. Norling, Assistant United States Attorneys, on the brief, for appellee.

Present JACOBS, PARKER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Oral Brown appeals from the judgment of the United States District Court for the Eastern District of New York (Glasser, J.) on his plea of guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). On appeal Brown argues that the district court erred in denying his motion to suppress evidence seized from him during the stop of a car in which he was a passenger.

A confidential informant had reported to the Drug Enforcement Agency that a relative had purchased crack cocaine from two white males at a certain residence. The DEA set up surveillance around the resi-dence for several hours over the course of three days. Agents saw the two white males conducting what appeared to be a high volume of drug transactions. On the third day, an agent saw Brown's car pull into the residence's driveway. Police observed one of the two men exit the residence, enter the backseat of Brown's car, and converse with Brown and the driver. The man and Brown reached into their waistbands, and the man then left the car.

Based on these observations, the police believed a narcotics transaction had just occurred. Shortly after Brown's car drove away, three or more police cruisers boxed it in, lights and sirens on. Two officers stepped out of the police car parked along the passenger side of the car in which Brown was riding; one had his gun drawn. One of the officers observed a plastic bag in Brown's hand. The police opened the passenger-side door and directed Brown to exit the vehicle. Brown was directed to put his hands on the car. In Brown's hand was the plastic bag, which contained crack cocaine. Brown was subsequently placed under arrest.

Brown concedes that there were "sufficient, articulable facts to infer that criminal activity was afoot," i.e., that there was suspicion sufficient to support a *Terry*—stop of Brown's car. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). But Brown argues that the police conduct leading to the seizure of his narcotics constituted an arrest, unsupported by probable cause, rather than the mere investigatory stop that the circumstances justified. The district court rejected that argument and denied Brown's motion to suppress the narcotics seized from his person.

The district court concluded, on the basis of *United States v. Perea,* 986 F.2d 633, 644 (2d Cir.1993), that the law enforcement

officers' conduct did not elevate the encounter from an investigatory stop to an arrest. We decline to address this question, which may be close, and conclude instead that the officers' conduct was justified on the ground that they had probable cause to believe that Brown had committed a crime.

"Probable cause for arrest 'exists where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *United States v. Ginsberg,* 758 F.2d 823, 828 (2d Cir.1985) (quoting *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Over three days of surveillance, experienced law enforcement officers witnessed activities reflecting an active drug trade. They then watched Brown take part in what they believed to be a narcotics transaction. That belief was reasonable, because the encounter observed was conducted from the waistbands of persons sitting briefly in the driveway of an active drug dealership. This is sufficient to establish probable cause. *See, e.g., United States v. Tussa,* 816 F.2d 58, 62 (2d Cir.1987) (finding probable cause where defendants "engaged in a series of meetings throughout the day and often exhibited behavior from which it could be concluded that they were concerned about surveillance.... The surveillance culminated in the agents observing the delivery of a package to the car in which [the defendants] waited."); *United States v. Fox,* 788 F.2d 905, 907–08 (2d Cir.1986) (finding probable cause to arrest driver of truck where truck "was seen near [a] drug dealer's residence just before a planned sale of cocaine to an undercover agent"); *Ginsberg,* 758 F.2d at 828 (finding probable cause where defendant, carrying a bag, entered house occupied by narcotics

dealer from whom an undercover agent was scheduled to purchase a large quantity of cocaine, then left without bag); *United States v. Rosario,* 638 F.2d 460, 462 (2d Cir.1980) (finding probable cause where DEA agent observed exchange of plastic bag containing white powder).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.