**UNITED STATES of America,**
**Appellee,**

v.

**Miguel A. MACHUCA, also known as Miguel A. Machuca, also known as Maestro, Defendant–Appellant.**

**No. 03–1167.**

United States Court of Appeals, Second Circuit.

Jan. 12, 2004.

sitting by designation.

William M. Bloss, Jacobs, Grudberg, Belt & Down, P.C., New Haven, CT, for Appellant.

H. Gordon Hall, Assistant United States Attorney, New Haven, CT (Kevin J. O'Connor, United States Attorney, and Jeffrey A. Meyer), for Appellee, of counsel.

PRESENT: JACOBS, STRAUB, Circuit Judges, and CARMAN, Judge.*

### SUMMARY ORDER

Defendant Miguel A. Machuca appeals from a judgment of conviction entered following a conditional plea in the United States District Court for the District of Connecticut (Thompson, *J.*) for possessing cocaine base with intent to distribute. Machuca argues that the district court erred in denying his motion to suppress the evidence seized from his person incident to a warrantless arrest (and from the premises searched pursuant to warrants predicated on evidence gathered in the warrantless arrest). He argues that the police lacked probable cause because their information was obtained from an untested confidential informant and was insufficiently corroborated. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

When considering a district court's denial of a suppression motion, "we construe the evidence in the light most favorable to the government, and review the district court's factual findings for clear error, and its legal conclusions *de novo.*" *United States v. Garcia,* 339 F.3d 116, 118–19 (2d Cir.2003). The police may conduct a warrantless arrest if it is supported by probable cause, which "exists where the facts and circumstances within the officers' knowledge and of which they have reason-ably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Fox,* 788 F.2d 905, 907 (2d Cir. 1986) (internal quotations and citation omitted).

"Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence." *United States v. Wagner,* 989 F.2d 69, 72–73 (2d Cir.1993). The government concedes that the confidential informant was untested. However, for substantially the reasons stated by the district court, independent evidence substantiated the informant's claims "in material respects." In addition, the face-to-face delivery and self-inculpatory nature of the informant's information bolster his trustworthiness and support the district court's conclusion that probable cause existed to arrest and search Machuca. *See United States v. Salazar,* 945 F.2d 47, 50–51 (2d Cir.1991); *United States v. Lace,* 669 F.2d 46, 49 (2d Cir.1982).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.