*United States v. Efthimiatos*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of March, two thousand twenty.

Present:     DENNIS JACOBS,
            ROSEMARY S. POOLER,
                  *Circuit Judges*.
            BRENDA K. SANNES,[1]
                  *Judge*.

UNITED STATES OF AMERICA,

                              *Appellee*,

            v.                                          19-1023

ANGELO PETER EFTHIMIATOS,

                              *Defendant-Appellant*.

Appearing for Appellant:     Heather Ross, Sheehey Furlong & Behm (Craig S. Nolan, *on the brief*), Burlington, VT.

Appearing for Appellee:      Eugenia A.P. Cowles, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for*

---

[1] Judge Brenda K. Sannes, United States District Court for the Northern District of New York, sitting by designation.

Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Angelo Peter Efthimiatos appeals from the April 12, 2019 judgment of conviction in the United States District Court for the District of Vermont (Reiss, *J.*) for piloting without a license in violation of 49 U.S.C. § 46306(b)(7). Efthimiatos appeals the district court's denial of his motion to dismiss for violation of the Speedy Trial Act; denial of his motion to suppress; and jury instructions defining "willfully." We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Efthimiatos first challenges the district court's denial of his motion to dismiss the indictment for violation of the Speedy Trial Act. The Speedy Trial Act requires that trials commence within seventy days of filing an indictment or information. 18 U.S.C. § 3161. "A trial court has broad discretion over the trial timetable and the exercise of that discretion will not be overturned unless it is an arbitrary action that substantially impairs the defense." *United States v. Fox*, 788 F.2d 905, 908 (2d Cir. 1986) (internal quotation marks and citation omitted).

Efthimiatos claims that, although jury selection timely took place on October 3, 2018, the district court's later scheduling of the presentation of evidence, which the court attempted to schedule for November 26, 2018 but ultimately scheduled for December 5, 2018 due to defense counsel's schedule,[2] was an attempt to impermissibly evade the spirit of the Speedy Trial Act. *See id.* at 909. We disagree.

"Normally, the Act is not violated when the jury is selected within the 70-day period but a short recess places the swearing of the jury outside the statutory period. But if a court impairs a defendant's ability to make a defense by arbitrarily and substantially delaying the trial, it abuses its discretion." *Id.* at 908-09 (citations omitted).

Here, the record does not suggest that the district court's bifurcated scheduling was meant to evade the spirit of the Act. The delay between October 3, 2018 and November 26, 2018 is not nearly as lengthy as the delays we have found impermissible previously. *See Stayton*, 791 F.2d at 20 (noting that a twenty-three-month delay "blatantly offends the purpose and spirit of the act"); *Fox*, 788 F.2d at 909 (concluding that an unjustified five-month delay between trial and jury selection was a violation). Nor was the delay unjustified. While the district court was ready to proceed with trial on September 11, 2018, Efthimiatos moved to continue the trial. Efthimiatos also sought new defense counsel, who needed time to prepare, as evidenced by the facts that Efthimiatmos's new counsel wanted to move the trial date from September and also asked the government to move jury selection from October to December in order to have more time to prepare. From November 15 onwards, Efthimiatos filed a number of pretrial motions,

---

[2] Efthimiatos concedes that the delay past November 26, 2018 was due to his own circumstances, and therefore, he challenges only the delay from October 3, 2018 to November 26, 2018.

further reinforcing that his counsel would not have been prepared for trial shortly after jury selection.

Efthimiatos next challenges the district court's denial of his motion to suppress post-arrest statements that he made to the agents at the airport. We disagree.

We review de novo a district court's determination as to whether a suspect was in custody for the purposes of *Miranda*. *United States v. Santillan*, 902 F.3d 49, 60 (2d Cir. 2018) (internal quotation marks and citation omitted). "We use a two-step, objective test, that asks whether: (1) a reasonable person in the defendant's position would have understood that he or she was free to leave; and (2) there was a restraint of freedom of movement akin to that associated with a formal arrest. For the second step, relevant factors are whether the suspect is told that he or she is free to leave, the location and atmosphere of the interrogation, the language and tone used by the law enforcement officers, whether the subject is searched or frisked, and the length of the interrogation." *Id.* (citation omitted).

Efthimiatos was not in custody at the time the relevant statements were made at the airport. A reasonable person in Efthimiatos's position would have felt free to leave, and the questioning did not bear the major hallmarks of formal arrest. At no time during the questioning did the agents tell him he was under arrest or otherwise not free to leave. They were dressed in civilian clothing, did not display their weapons, and maintained a conversational tone throughout. Efthimiatos was not physically restrained or touched at all. He moved freely to and from the vehicle in which some of the questioning occurred, and he was able to leave the car to retrieve his bags. All of these facts suggest that the interrogation was not custodial. That he was frisked and sat inside the car is insufficient to find that he was in custody. *Santillan*, 902 F.3d at 61.

Nor did Efthimiatos unambiguously invoke his right to counsel after arrest when being transported by Special Agent Hope. "If an accused makes a statement concerning the right to counsel that is ambiguous or equivocal or makes no statement, the police are not required to end the interrogation, or ask questions to clarify whether the accused wants to invoke his or her *Miranda* rights." *United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (internal quotation marks and citation omitted).

As the district court found, Efthimiatos's statement that "I, I am willing to answer questions. But I do want an, an Attorney, also," was equivocal. Special App'x at 11. When Hope asked Efthimiatos "would you prefer to have an Attorney with you before we" have a back-and-forth conversation, Efthimiatos responded, "We can have a back-and-forth conversation." Special App'x at 12. Efthimiatos thus clarified that he was willing to talk. As such, suppression of the statements made during the interrogation was not warranted. *Plugh*, 648 F.3d at 123.

Efthimiatos's final challenge is to the jury instructions, which define willful conduct as done "with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law." Special App'x at 34. Efthimiatos argues that conduct is only willful in the context of 49 U.S.C. § 46306(b)(7) if

3

there is subjective knowledge that the conduct is criminal, and not merely unlawful. We disagree.

While the Supreme Court has held that subjective knowledge of criminal violations is necessary for willful conduct "in two other contexts," which are the tax and currency structuring contexts, because they "involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent misconduct," *Bryan v. United States*, 524 U.S. 184, 194 (1998), this is not such a case. The statutory prohibition at issue here is neither highly technical nor likely to mislead innocent individuals.

We have considered the remainder of Efthimiatos's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4