EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        vs.<br><br>Noel Paonesa Arroyo<br><br>    Recurrido | Certiorari<br><br>2008 TSPR 34<br><br>173 DPR \_\_\_\_ |

Número del Caso: CC-2006-570


Fecha: 26 de febrero de 2008


Tribunal de Apelaciones:

          Región Judicial de Caguas – Panel XI

Juez Ponente:

          Hon. Carmen A. Pesante Martínez


Oficina del Procurador General:

          Lcda. Mariana D. Negrón Vargas
          Subprocuradora General


Abogada de la Parte Recurrida:

          Lcda. Ana E. Andrade Rivera


Materia: Habeas Corpus


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Peticionario

        vs.                CC-2006-570      *CERTIORARI*

Noel Paonesa Arroyo

    Recurrido


OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 26 de febrero de 2008


Noel Paonessa Arroyo y Sonia González Alejandro c/p Carmen González Alejandro c/p La Bella, fueron acusados por el delito de Asesinato en Primer Grado, Conspiración para cometer asesinato en primer grado y violaciones a la Ley de Armas. En específico, se les imputó que de forma "ilegal, voluntaria, criminalmente, con alevos[í]a, malicia premeditada y deliberaci[ó]n, con el prop[ó]sito decidido y firme de matar, actuando en concierto y com[ú]n acuerdo entre s[í] dieron muerte al ser humano Edwin Vigo Aponte consistente dicho acto en que utilizan[d]o un arma de fuego le hizo [sic] varios disparos que le ocasionaron la muerte en el acto."

El 1 de diciembre de 2005, Paonessa fue ingresado en el Centro de Detención de Bayamón al no prestar la fianza, fijada de $1.5 millones. En la vista preliminar, celebrada el 14 de marzo de 2006 ante el Tribunal de Primera Instancia, Sala de Caguas, se encontró causa probable para acusar por los delitos de Asesinato en Primer Grado y violación al Artículo 5.04 de la Ley de Armas. El 28 de marzo de 2006, se llevó a cabo el acto de lectura de acusación.

El 11 mayo de 2006, el tribunal señaló el juicio por jurado para el 22 de mayo de 2006. En tal fecha, según surge de la Minuta, el tribunal le indicó a los allí presentes que debido a que el caso le había sido trasladado de otra Sala, y ya había comenzado unos casos de homicidio, asesinato y actos lascivos, era necesario integrar su caso a su Sala y ubicarlo en el calendario. El tribunal, en dicho día, procedió a tomarle el juramento preliminar a los potenciales candidatos a jurado y señaló la continuación del juicio para el 21 y 22 de junio de 2006.

El 1 de junio de 2006, Paonessa Arroyo presentó un recurso de *habeas corpus* ante el tribunal de instancia, planteando que procedía su excarcelación al amparo del Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, ya que habían transcurrido más de seis meses desde su detención, sin la celebración del juicio correspondiente.

El 2 de junio de 2006, el tribunal de instancia emitió resolución denegando la solicitud de *habeas corpus* y reiterando el señalamiento de continuación del juicio para el 21 de junio de 2006. El foro primario expresó que el juicio comenzó el 22 de mayo de 2006 con la desinsaculación del jurado, cuando aún no había transcurrido el término constitucional de seis meses. Sobre el particular, señaló que se llevó a cabo la juramentación preliminar del jurado y se realizaron entrevistas individuales y generales de los posibles candidatos a servir como jurados. Además, destacó que distinto a la situación en casos donde se plantea la defensa de doble exposición, cuando se trata de detención preventiva y del derecho a juicio rápido, basta con el juramento preliminar del jurado bajo la Regla 119 de Procedimiento Criminal para que se entienda iniciado el juicio.

Inconforme, Paonessa Arroyo recurrió ante el Tribunal de Apelaciones solicitando su excarcelación. Argumentó que su detención era ilegal por ser violatoria de la disposición constitucional que proscribe las detenciones preventivas en exceso de seis meses sin haberse iniciado el juicio. El 14 de junio de 2006, el tribunal de apelaciones emitió sentencia, revocando la determinación del tribunal de instancia y ordenando la excarcelación de Paonessa Arroyo. El foro apelativo resolvió que, si bien para efectos de la detención preventiva, el juicio

comienza con la juramentación preliminar del jurado, en éste caso "el Estado no hizo esfuerzos genuinos para preservarle el derecho al acusado de que se le celebrara juicio dentro de los seis meses de su detención preventiva." A su juicio, lo aquí ocurrido – tomarle el juramento preliminar al jurado, hacer unas preguntas generales y, tras ello, posponer el caso – constituyeron "esfuerzos livianos conducentes a dar por comenzado el juicio y así circunvalar lo preceptuado en la Cláusula de Detención Preventiva."

De tal determinación recurrió ante este Tribunal el Pueblo de Puerto Rico, por conducto del Procurador General, mediante moción en auxilio de jurisdicción y solicitud de *certiorari*. El 19 de junio de 2006, ordenamos la paralización de los procedimientos ante el tribunal de instancia hasta la resolución del recurso presentado ante nuestra consideración. El Procurador General presentó moción en reconsideración parcial, solicitando ordenáramos la re-encarcelación inmediata de Paonessa. Alegó que el juicio comenzó el 22 de mayo de 2006 y por tanto, no cabe hablar de una violación a la cláusula constitucional de detención preventiva. Denegamos tal solicitud.

Expedimos el recurso. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

I

El Artículo II, Sección 11 de nuestra Constitución, Const. E.L.A., L.P.R.A. Tomo I, consagra los derechos que le asisten a un acusado en los procesos criminales. En lo pertinente, establece:

> [e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público […] y a gozar de la presunción de inocencia.
> […]
> Nadie será puesto en riesgo de ser castigado dos veces por el mismo delito. Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar fallo condenatorio. La detención preventiva antes del juicio no excederá de seis meses. Las fianzas y las multas no serán excesivas.

Las Reglas de Procedimiento Criminal adoptaron los mandatos constitucionales antes expuestos. En primer término, la Regla 64 de Procedimiento Criminal esboza los fundamentos para solicitar la desestimación de una acusación o denuncia, entre ellos, cuando la causa en cuestión, o alguna controversia esencial a ésta, es cosa juzgada. 34 L.P.R.A. Ap. II R. 64(f).

La Regla 64(n) habilita la desestimación de una acusación o denuncia por motivo de violaciones al derecho a un juicio rápido. 34 L.P.R.A. Ap. II R. 64(n).[1] La Regla

---

[1] Así, procede la desestimación de la acusación cuando el acusado no es sometido a juicio dentro de los sesenta días siguientes a la presentación de la acusación, en casos en que el acusado está detenido, o en ciento veinte días, cuando el acusado se encuentra en libertad bajo fianza. 34 L.P.R.A. Ap. II R. 64(3) y (4); Véase E.L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, 1ra Ed.,

(Continúa . . .)

110 de Procedimiento Criminal establece que se presumirá inocente al acusado mientras se pruebe lo contrario. 34 L.P.R.A. Ap. II R. 110.

De particular relevancia a la controversia que hoy atendemos, la Regla 6.1 de Procedimiento Criminal regula lo relativo a la imposición de fianzas, 34 L.P.R.A. Ap. II R.6.1. En lo pertinente, dispone que "[l]as personas arrestadas por delito no serán restringidas innecesariamente de su libertad antes de mediar fallo condenatorio." La fianza impuesta no puede ser excesiva. Art. II, Sec. 11. Su único propósito es garantizar la comparecencia del imputado a los procedimientos judiciales. Chiesa, §17.4, pág. 747-75; Pueblo v. Negrón Vázquez, 109 D.P.R. 265 (1979).

Cuando el imputado no puede prestar la fianza que le fue impuesta, queda sometido a detención preventiva durante el periodo anterior al juicio. Es decir, permanece sumariado en espera de que se celebre el proceso criminal en su contra. Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990); Pueblo v. González Vega, 147 D.P.R. 692 (1999). Sin embargo, aun cuando el Estado tiene un deber de custodia que, en ciertas situaciones, le autoriza a tomar medidas que garanticen que el imputado no evada la

---

Colombia, Ed. Forum, 1992, Vol. II, §12.2, pág. 158. Ahora bien, cuando existe justa causa para la demora, o cuando ésta sea atribuible al acusado, no procede la desestimación por tal razón.

jurisdicción, y, en virtud de tal facultad, puede "condicionar" la libertad del acusado antes del juicio, existen límites a la restricción de la libertad del acusado.

A esos efectos, y como expresáramos anteriormente, el Artículo II, Sección 11 de nuestra Constitución establece que la "detención preventiva antes del juicio no excederá de seis meses." La referida cláusula constitucional tiene el propósito de asegurar la comparecencia del acusado a los procedimientos cuando éste no ha prestado fianza, a la vez evitando que se le castigue excesivamente por un delito por el cual no ha sido juzgado. Pueblo v. Martínez Torres, ante. La Profesora Resumil señala que la cláusula de detención preventiva pretende "evitar que a una persona a quien ampara una presunción de inocencia sea restringida por el estado en el ejercicio de su poder de custodia con el único propósito de hacerle comparecer a juicio." Resumil, Derecho Procesal Penal, New Hampshire, Ed. Butterworth, 1993, T. 2, §25.4(a), pág. 248. La duración limitada del periodo de detención preventiva pretende evitar que "se convierta en un castigo anticipado por un delito no juzgado." Resumil, op. Cit., pág. 248. Cabe señalar que no existe una disposición equivalente a ésta en la Constitución de los Estados Unidos. Chiesa, §17.2, pág. 461.

En el Informe de la Comisión de la Carta de Derechos se describió la cláusula constitucional sobre la detención

preventiva como algo nuevo en nuestra jurisdicción, que tiene el propósito de "impedir que se pueda encarcelar a una persona por más de seis meses sin celebrarle juicio".[2] Del Diario de Sesiones de la Convención Constituyente de Puerto Rico, surge que el delegado, señor Alvarado, expresó, en torno al término máximo para la detención preventiva, que "[é]ste término es tan y tan perentorio que si llegan los seis meses y el acusado no ha sido sometido a juicio, la corte tiene que ponerlo en la calle por un hab[e]as corpus inmediatamente que hayan pasado los seis meses." 3 Diario de Sesiones de la Convención Constituyente de Puerto Rico, 1961, pág. 1595.

No obstante lo anterior, en la Convención se aclaró que, naturalmente, el acusado no queda exento de los cargos radicados en su contra, sino que se continuará la celebración del juicio como si estuviera bajo fianza, es decir, en libertad. *Id.* a la pág. 1597; Ruiz Ramos v. Alcaide, 155 D.P.R. 492 (2001); Pueblo v. Monge Sánchez, 122 D.P.R. 590 (1988); Pueblo v. Cruz Román, 84 D.P.R. 451 (1962); Pueblo v. Ortiz Bonilla, 76 D.P.R. 247 (1954). Dicho de otra manera, una vez transcurren seis meses desde

---

[2] Ello en vista de que previo a la aprobación de la referida cláusula constitucional, era posible mantener a un acusado detenido mediante la radicación de acusaciones sucesivas cada vez que finalizaba el término de ciento veinte días establecido por el Artículo 448 del extinto Código de Enjuiciamiento Criminal de 1902, desde la acusación hasta la celebración del juicio. 4 Diario de Sesiones de la Convención Constituyente de Puerto Rico, 1961, pág. 2571.

la detención del acusado, sin que el acusado sea sometido al juicio correspondiente, éste tiene derecho a ser excarcelado y permanecer en libertad por el resto de la duración de los procedimientos en su contra.

La cláusula sobre detención preventiva fue debatida ampliamente por la Convención Constituyente, específicamente en torno a la inclusión de la frase "antes del juicio". Tras su aprobación, ha habido discusión en torno a si la frase antes reseñada exige que se inicie el juicio antes del término de seis meses, o que se produzca un fallo definitivo antes de que venza dicho plazo. Sobre ello, el Profesor Chiesa señala que aunque no está claro si el juicio debe celebrarse en su totalidad dentro del plazo de seis meses o si basta con que el juicio comience antes de que transcurra dicho plazo, el texto de la cláusula parece indicar que se trata del último supuesto, ya que dispone que el acusado no puede estar en detención preventiva por un periodo mayor de seis meses "antes del juicio". Chiesa, §17.2, pág. 463.

Estamos contestes; esto es, somos del criterio, y así lo resolvemos, que es suficiente el "inicio" del juicio, antes de que se cumplan los seis meses de prisión preventiva, para evitar la excarcelación del acusado al amparo de la cláusula de detención preventiva. Esto es, no se requiere la celebración de la totalidad del juicio dentro de los seis meses desde que el acusado fue detenido preventivamente.

Ahora bien, en nuestro ordenamiento actualmente co-existen <u>dos momentos distintos</u> en los cuales se entiende iniciado un juicio, <u>dependiendo del derecho tutelado</u>. Bajo la <u>cláusula de doble exposición</u>, el juicio comienza cuando el jurado ha tomado el <u>juramento definitivo</u> o cuando, en casos por tribunal de derecho, el primer testigo <u>presta juramento</u>. D. Nevares-Muñíz, <u>Sumario de Derecho Procesal Penal Puertorriqueño</u>, 8va Ed., San Juan, Instituto para el Desarrollo del Derecho, 2007, pág. 138, <u>Pueblo v. Martínez Torres</u>, ante; <u>Crist v. Bretz</u>, 437 U.S. 28 (1978).

El momento es distinto para efectos de un acusado que interesa <u>renunciar</u> a un juicio por jurado bajo la Regla 111 de Procedimiento Criminal. En <u>Pueblo v. Borrero Robles</u>, 113 D.P.R. 387 (1982), resolvimos que, al amparo de la Regla 111 de Procedimiento Criminal, después de comenzado el juicio, el acusado sólo puede renunciar al derecho a juicio por jurado a discreción del tribunal.[3]

En dicha ocasión resolvimos que, en el contexto del derecho de un acusado a renunciar al derecho a juicio por jurado, la "frase 'comienzo del juicio' significa que se

---

[3] La Regla 111 de Procedimiento Civil fue <u>enmendada sustancialmente</u> mediante la Ley 86 de 9 de julio de 1986. Como resultado de ello, la referida regla ahora lee "[s]i la renuncia al jurado se produce una vez comenzando el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho <u>con el consentimiento del Ministerio Público</u>." (énfasis nuestro). Por lo cual, la renuncia al jurado cuando ha comenzado el juicio no descansa únicamente en la discreción del tribunal, sino requiere la anuencia del Estado.

haya movido la maquinaria de la justicia en la fecha señalada para la celebración del proceso. No hay que aguardar necesariamente a la desinsaculación y juramentación final de todos los jurados para afirmar que se ha iniciado el juicio. Basta con que se haya tomado el juramento preliminar que ordena la Regla 119 [de Procedimiento Criminal]." Pueblo v. Borrero Robles, ante, a la pág. 393.

Aun cuando existen momentos distintos para el "comienzo" del juicio para efectos de la cláusula de doble exposición y el de la renuncia al derecho a juicio por jurado bajo la Regla 111 de Procedimiento Criminal, este Tribunal nunca se ha expresado en torno al momento en que comienza el juicio para efectos de la cláusula constitucional sobre detención preventiva. Acometemos dicha encomienda.

II

Tomando en cuenta que, como expresáramos anteriormente, no existe disposición equivalente a la cláusula sobre detención preventiva en la jurisdicción federal, debemos analizar nuestra jurisprudencia relativa a la misma, la política pública que motivó la imposición de un límite de tiempo en ésta y los derechos tutelados por las cláusulas constitucionales con las cuales, según señalamos anteriormente, se le ha comparado.

En su recurso, el Procurador General sostiene que, en vista de que el juicio comenzó el 22 de mayo de 2006 --al juramentarse preliminarmente al jurado-- era improcedente cualquier reclamación de dilación excesiva en la celebración del juicio bajo la cláusula de detención preventiva y la posterior excarcelación de Paonessa. A su juicio, el único derecho que le asistía a éste era la presentación de un *mandamus* para exigirle al tribunal que ordenara la continuación del juicio sin dilaciones, en aras de evitar violaciones a su debido proceso de ley y a su derecho constitucional a un juicio rápido.

El límite temporal impuesto a la detención preventiva es, naturalmente, de rango constitucional. La excarcelación de un acusado bajo la cláusula de detención preventiva está vinculada, indudablemente, a la primacía del derecho a la libertad y a la presunción de inocencia.

No hay duda de que la protección contra la doble exposición tutela intereses de suma importancia en nuestra jurisdicción ya que protege a las personas de ser castigadas dos veces por el mismo delito.[4] Esta cláusula constitucional impone límites constitucionales al poder de

---

[4] La referida disposición opera cuando: (1) se comienza un segundo proceso por el mismo delito cuando el acusado fue absuelto o no fue convicto en el primer proceso, (2) cuando se comienza un segundo proceso por el mismo delito tras haber sido convicto en el primer proceso, (3) cuando el juicio comenzó en el primer proceso, aun cuando no hubo convicción o absolución, o (4) cuando se imponen castigos múltiples por la misma ofensa. Pueblo v. Martínez Torres, ante; Chiesa, §16.1, pág. 354.

sancionar que ostenta el Estado, en aras de proteger los derechos del acusado. En particular, le concede al Estado una sola oportunidad para probar que un acusado es culpable más allá de toda duda razonable, así rebatiendo la presunción de inocencia que cobija a todo acusado. Chiesa, §16.4, pág. 412.

El derecho a un juicio rápido, por otro lado, pretende evitar que el acusado esté sujeto a la incertidumbre que produce un juicio criminal que se extiende por un periodo sustancial de tiempo. Sobre el particular, Chiesa señala que la cláusula de juicio rápido anglosajona, de estirpe similar a la nuestra, pretende:

1. Evitar [la] indebida y opresiva encarcelación antes del juicio,
2. Minimizar la ansiedad y preocupación que genera una acusación pública y
3. Limitar las posibilidades de que una dilación extensa menoscabe la capacidad del acusado para defenderse. Chiesa, §12.1, pág. 117.

El Procurador General nos señala que las cortes federales han sostenido que el juicio, para efectos del *Speedy Trial Act*, 18 U.S.C.A. §3161, comienza con el *voir dire* del jurado, y no la juramentación definitiva. Véase U.S. v. Osteen, 254 F.2d 521 (4th Cir. 2001); Government of the Virgin Islands v. Duberry, 923 F.2d 317 (3rd Cir. 1991); U.S. v. Stayton, 791 F.2d 17 (2nd Cir. 1986); U.S. v. Crane, 776 F.2d 600 (6th Cir. 1985); U.S. v. González, 671 F.2d 441 (11th Cir. 1982).

No hay duda de que, desde el arresto, el procedimiento criminal debe llevarse a cabo dentro de los límites temporales impuestos tanto por la Constitución como por las Reglas de Procedimiento Criminal. Así claramente lo establece la Sección 11 del Artículo II de nuestra Constitución y las Reglas de Procedimiento Criminal pertinentes.

La cláusula de detención preventiva evita que la encarcelación del acusado antes del comienzo del juicio exceda de seis meses, en cierto modo obligando al Estado a enjuiciar al acusado lo más pronto posible. El derecho a un juicio rápido tiene el propósito de que el proceso, desde el arresto hasta la convicción o absolución, no esté colmado de dilaciones excesivas e irrazonables que puedan perjudicar al acusado o su defensa. Ambas disposiciones tienen el propósito común de agilizar los procedimientos, debiéndose mantener presente que tanto el acusado como la sociedad en general tienen un gran interés en que se resuelva y determine, en forma definitiva, la inocencia o culpabilidad de éste. Siendo ello así, resulta lógico y razonable concluir --y así lo resolvemos-- que, bajo ambas disposiciones, el juicio se debe entender comenzado con la juramentación preliminar del jurado y no en dos momentos distintos.

Reconocemos que dicha determinación puede promover que, en ocasiones, se lleve a cabo la juramentación preliminar con el único propósito de asegurar que el

acusado permanezca detenido. Si bien ello puede suceder, el acusado <u>no</u> queda huérfano de remedios ya que, una vez se lleva a cabo la juramentación preliminar, <u>bajo el palio del derecho a un juicio rápido, el tribunal no se puede cruzar de brazos</u>. A esos efectos, y al interpretar el *Speedy Trial Act*, las cortes federales han concluido que una dilación excesiva entre el *voir dire* y la juramentación definitiva del jurado es una violación al derecho a un juicio rápido que puede conllevar la desestimación de la acusación. Véase <u>U.S. v. Osteen</u>, ante; <u>Government of the Virgin Islands v. Duberry</u>, ante; <u>U.S. v. Stayton</u>, ante; <u>U.S. v. Crane</u>, ante; <u>U.S. v. González</u>, ante.[5] <u>Acogemos dicho razonamiento e interpretación</u>.

De esta manera se salvaguarda tanto el derecho del acusado a ser sometido a un juicio con celeridad, como el derecho a no permanecer detenido por un periodo de tiempo en exceso de seis meses sin ser sometido a juicio, derechos que están íntimamente vinculados entre sí.

En vista de todo lo anteriormente expuesto, <u>resolvemos que en el contexto de la cláusula constitucional sobre detención preventiva, el juicio "comienza" con la juramentación preliminar del jurado bajo la Regla 119 de Procedimiento Criminal</u>.

---

[5] Una dilación excesiva también puede alterar la composición del jurado, en tanto el transcurso del tiempo desde la etapa preliminar hasta la juramentación final podría llevar a la sustitución de jurados potenciales. Véase <u>U.S. v. Stayton</u>, ante.

III

En el caso de autos, tras llevar a cabo la juramentación preliminar del jurado, el tribunal pospuso el inicio del juicio por un periodo de aproximadamente un mes, debido a que tenía ante su consideración un caso criminal complejo y el caso de Paonessa Arroyo le había sido transferido de otra sala, por lo cual, era necesario ubicarlo en el calendario de su sala. Si bien hemos señalado que las tardanzas atribuibles a un calendario de trabajo congestionado, por sí solas, no justifican la posposición de un señalamiento del juicio, en éste caso no se trata de un mero reclamo de trabajo excesivo sino de acomodar en el calendario de una sala un caso proveniente de otra sala, cuando ya se estaba ventilando otro en la misma. Véase Pueblo v. Guzmán Meléndez, ante; Pueblo v. Rivera Tirado, ante.

Debe mantenerse presente que las demoras institucionales, de ordinario atribuibles al Estado, que "no tienen de forma alguna el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado." Pueblo v. Valdés Medina, ante, pág. 793. Aún cuando ello no implica que tales demoras justifican la inobservancia de los términos de juicio rápido, las mismas deberán ser evaluadas conforme los hechos de cada caso en particular.

Además, y aun cuando no fue Paonessa Arroyo quien solicitó la posposición, éste tampoco se opuso a la misma, ni reclamó su derecho a un juicio rápido. Incluso, tampoco solicitó la desestimación de la acusación bajo la Regla 64(n) de Procedimiento Criminal sino que presentó un recurso de *habeas corpus* bajo el fundamento que el juicio no había comenzado con la juramentación preliminar del jurado.

Tomando en cuenta lo antes expuesto, es forzoso concluir que, en vista que el juicio comenzó con la juramentación preliminar del jurado el 22 de mayo de 2006, el remedio que tenía disponible Paonessa Arroyo era una solicitud de desestimación y no un *habeas corpus*. Asimismo, pudo haber solicitado --y no lo hizo-- la expedición de un *mandamus* para que el tribunal señalara la continuación de los procedimientos con celeridad. En resumen, el juicio en el presente caso comenzó antes de que transcurriera el plazo de seis meses que dispone la cláusula constitucional de detención preventiva.

IV

En mérito de lo antes expuesto, procede confirmar la sentencia del tribunal apelativo en lo relativo a su determinación de que el juicio en el presente caso comenzó con la juramentación preliminar del jurado y revocar la orden del foro apelativo intermedio ordenando la excarcelación de Paonessa Arroyo. Procede, además,

devolver el caso al tribunal de instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.


                        FRANCISCO REBOLLO LÓPEZ
                            Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                  CC-2006-570      *CERTIORARI*

Noel Paonesa Arroyo

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 26 de febrero de 2008

Por los fundamentos expuestos en la Opinión que antecede, la cual hacemos formar parte íntegra de la presente, se dicta Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones en lo relativo a su determinación de que el juicio en el presente caso comenzó con la juramentación preliminar del jurado y revocatoria de la orden emitida por dicho foro apelativo ordenando la excarcelación de Noel Paonessa Arroyo. Se devuelve el caso al tribunal de instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica al Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disintió sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo